UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MANUEL C GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-244 |
| | § | |
| DEPARTMENT OF THE ARMY, | § | |
| CORPUS CHRISTI ARMY DEPOT, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL FOR WANT OF JURISDICTION

Pending before the Court is the Rule 12(b)(1) Motion to Dismiss filed by Defendants, Department of the Army, Corpus Christi Army Depot ("CCAD") and James F. Kaylor, as Chief of the CCAD Quality Control Division.  D.E. 3.  Defendants assert that Plaintiff has not sufficiently alleged jurisdiction and, further, that he cannot overcome principles of sovereign immunity.  Fed. R. Civ. P. 8(a)(1), 12(b)(1).

Rather than filing a response to Defendants' motion or seeking leave to amend his Complaint, Plaintiff filed his own "Motion for Leave to Request Consent to Be Sued Pursuant to Federal Torts Claims Act, 28 U.S.C. §§ 2671-2680," which purports to address the jurisdictional issues and asks for dismissal of Defendant's Rule 12(b)(1) motion.  D.E. 5.  In essence, Plaintiff invokes the Federal Tort Claims Act ("FTCA") for waiver of sovereign immunity.

Defendants then filed their "Response to Motion for Leave to Request Consent to Be Sued."  D.E. 6.  Responding to the invocation of FTCA jurisdiction, the Defendants

state, among other defenses, that the FTCA waiver of sovereign immunity does not apply to individuals or agencies who are sued for acting within the scope of their employment, but applies only to suits against the United States.

## I.  ISSUE AND STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and possess an independent obligation to examine the basis of jurisdiction.  *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir.1981).  A court must dismiss an action if it determines "at any time" that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998) ("It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking"). Challenges to subject matter jurisdiction can be raised at any time or even *sua sponte* by the court.  *Johnston v. United States*, 85 F.3d 217, 218 n. 2 (5th Cir.1996).

A claim may not be dismissed unless, reviewing the complaint in the light most favorable to the plaintiff, it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough*, 354 F.3d 348, 351 (5th Cir.2003); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir.1992).

## II.  PLAINTIFF'S COMPLAINT

On August 1, 2011, Plaintiff filed his "Original Complaint of Unfair Labor Practices by Forced Retirement, Adverse Employment Action, Breach of Employment

Contract and Mental Anguish."  According to Fed. R. Civ. P. 8(a) and (e), pleadings must contain a short and plain statement of the claim showing that the pleader is entitled to relief and must be construed so as to do justice.  Moreover, the pleadings of *pro se* litigants must be given wide latitude.  *Maldonado v. Garza*, 579 F.2d 338, 340 (5th Cir. 1978); *U. S. ex rel. Simmons v. Zibilich,* 542 F.2d 259, 260 (5th Cir. 1976).  Still, that latitude must not be so wide as to make the plaintiff's pleadings themselves irrelevant; rather, "we should use common sense in interpreting the frequently diffuse pleadings of *pro se* complaints."  *McKinney v. De Bord*, 507 F.2d 501, 504 (9 Cir. 1974); *Zibilich*, *supra*.

According to the Complaint, Plaintiff worked as an Aircraft Engine Overhaul Inspector at the Corpus Christi Army Depot ("CCAD").  In October, 2007, Plaintiff was being investigated for the crime of murder, so CCAD put Plaintiff on administrative leave.  Pursuant to a Memorandum dated December 7, 2007, Plaintiff was on administrative leave with pay, was advised that his status would change to "indefinite suspension" and was advised of his right to contest the proposed action and the administrative procedure for doing so.

By application dated December 21, 2007, Plaintiff applied for immediate retirement, which in his Complaint, he explains was his only alternative to involuntary termination.  His retirement application was accepted, effective December 31, 2007.  Thereafter, Plaintiff was convicted of murder.  He now seeks his full pay from the time that his CCAD pay stopped to the date of the final unsuccessful appeal of his murder conviction.

The Complaint can be said to allege the following claims: (1) wrongful adverse employment action because (a) it was based upon off-duty conduct not injurious to the employer,[1] (b) it was based upon allegations that were "not credible" prior to Plaintiff's felony conviction becoming final, and (2) breach of employment contract based upon "seniority rights."

Plaintiff also alleges intentional infliction of emotional distress, with resulting mental anguish and punitive damages. He alleges that he suffered a hostile work environment. He also complains of a violation of his right to privacy—a constitutional claim. However, those claims are conclusory. Factually, the Plaintiff offered no heightened conduct beyond the adverse employment action as the basis for the injuries. Thus the claims can only relate to the discretionary employment decisions of the Defendants.

Plaintiff also complains of a violation of his "right to privacy." Such a right is not found in any specific guarantee of the Constitution. Instead, the United States Supreme Court has recognized that "zones of privacy" may be created by certain specific constitutional guarantees or fundamental rights. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

These fundamental rights include "matters relating to marriage, procreation, contraception, family relationships, child rearing and education." *Id*. at 713, 96 S.Ct. at

---

[1]   Plaintiff references "unfair labor practices" and the "Texas Right to Work Law," both of which involve unions and labor-management issues. The Court can only conclude that these terms of art were used inartfully in the Complaint as there is no indication that any union membership is involved. *See generally*, 29 U.S.C.A. § 158; Tex. Lab.Code Ann. § 101.052.

1166. The right to privacy restricts the Government's power to regulate or intrude on activity involving fundamental rights. *See, e.g., Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Stanley v. Georgia*, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969); *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). None of these fundamental rights to privacy include maintaining a criminal investigation confidential.

Factually, Plaintiff associates the alleged violation of his right to privacy only with the adverse employment actions and what appears to be a complaint that the investigation regarding the crime for which he was ultimately publicly convicted, was made more public, or prematurely public, by his administrative leave, indefinite suspension, or "forced" retirement.   A court may dismiss *sua sponte* any complaint that is either factually frivolous or fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), provided that the plaintiff has alleged his best case and the procedure employed is fair.  *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998).   The Court dismisses the Plaintiff's "right to privacy" complaint.


### III.  PLAINTIFF'S REMEDY/SOVEREIGN IMMUNITY

Plaintiff's remaining complaints regarding adverse employment actions are made against his employers—representatives of the federal government.  An individual cannot sue the United States without its consent.  *Doe v. Civiletti*, 635 F.2d 88, 93 (2d Cir. 1980).  "In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity."  *Lewis v. Hunt*, 492 F.3d

565, 570 (5th Cir. 2007). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied."[2] *Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996). "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.*, 518 U.S. at 192, 116 S.Ct. 2092.

Absent a waiver of sovereign immunity, the federal government is immune from suit. *Loeffler v. Frank*, 486 U.S. 549, 554, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988)). "The absence of such a waiver is a jurisdictional defect." *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006) (holding that a lack of waiver of sovereign immunity "deprives federal courts of subject matter jurisdiction").

## IV.  JURISDICTION

In his Response (D.E. 6), Plaintiff's reliance on the FTCA indicates that he is treating his claims not as breaches of contract, but as tort claims.  For purposes of this Order, the Court will assume without deciding that the claims are properly couched as tort claims.

With respect to tort claims against the United States or its agencies, the FTCA provides both the exclusive remedy and the exclusive waiver of sovereign immunity.  28 U.S.C. § 2679(a); *F.D.I.C. v. Meyer*, 510 U.S. 471, 476-77 (1994).  It is clear that the

---

[2]    Plaintiff's Motion for Consent appears to request that the Court impose a waiver of sovereign immunity on the Defendants.  However, the waiver of sovereign immunity is purely a legislative function and this Court is not empowered to create a new waiver where Congress has not done so.  *Wagstaff v. U.S. Dept. of Education*, 509 F.3d 661, 664 (5th Cir. 2007) (per curiam).

United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit.  In a section entitled "United States as defendant," the FTCA vests the district courts with "exclusive jurisdiction of civil actions on claims against the United States for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). The Act goes on to state that any other statute authorizing a federal agency to sue and be sued in its own name does not authorize an action against the agency which is cognizable under the tort claims provision.  28 U.S.C. § 2679(a).

In view of this explicit statutory language, the courts have consistently held that an agency or government employee cannot be sued *eo nomine* under the Federal Tort Claims Act.  *E.g., Hughes v. United States*, 701 F.2d 56, 58 (7th Cir.), *aff'g* 534 F.Supp. 352, 354 (N.D. Ill.1982).  Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction. *Galvin v. Occupational Safety & Health Admin*., 860 F.2d 181, 183 (5th Cir. 1988); *Gregory v. Mitchell*, 634 F.2d 199, 204-205 (5th Cir.1981); *Carr v. Veterans Administration*, 522 F.2d 1355, 1356 (5th Cir.1975).


## V.  CONCLUSION

For the reasons stated above, the Defendants' Rule 21(b)(1) Motion to Dismiss (D.E. 3) is GRANTED and the Plaintiff's Motion for Leave to Request Consent to Be

Sued Pursuant to Federal Torts Claims Act, 28 U.S.C. §§ 2671-2680" (D.E. 5) is

DENIED.  The Plaintiff's claims are DISMISSED for want of jurisdiction.

ORDERED this 31st day of August, 2011.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE